```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| NANCY CANNING, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 5:08-CV-199-JMH |
| v. | ) |
| | ) |
| GALTEE FARM, LLC; LIAM | ) |
| GALLAGHER; and RITA | )   **MEMORANDUM OPINION AND ORDER** |
| GALLAGHER, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

                       **   **   **   **   ****

On April 27, 2009, this Court granted the Motion to Withdraw filed by counsel for Defendant Galtee Farm, LLC and ordered Galtee Farm, LLC to retain new counsel within thirty days. [Record No. 45.] By virtue of a later order [Record No. 51], Defendant Galtee Farm, LLC was provided an opportunity to enter an appearance by counsel no later than July 24, 2009. That time has now expired and, to date, there has been no appearance of counsel on behalf of Galtee Farm, LLC.

28 U.S.C. § 1654 provides that:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Courts have interpreted this section to provide for two types of representation:

> . . . that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing

> himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves.

*Turner v. American Bar Ass'n,* 407 F.Supp. 451, 477 (N.D.Tex.1975). This is to say that only licensed attorneys may practice law on behalf of others. *Coleman Advertising, Inc. v. Visionmedia*, No. 02-cv-74416, 2003 WL 345368 at *2 (6th Cir. Jan. 31, 2003) (citing *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385-86 (11th Cir.1985); *Doherty v. American Motors Corp.,* 728 F.2d 334, 340 (6th Cir. 1984)).

It is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty*, 728 F.2d at 340. Additionally, it is insufficient that the person attempting to represent a business entity is one of its officers. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970); *Moran v. A/C Financial, Inc.*, No. C-3-05-0071, 2006 WL 2815491, *3 (S.D. Ohio Sept. 28, 2006).

Clearly, as a limited liability company, Galtee Farms, LLC cannot appear before this Court except through a licensed attorney, and, in the absence of counsel, Galtee Farms, LLC is in default.

Accordingly, **IT IS ORDERED**:

(1) that the Clerk shall **ENTER A DEFAULT** as to Defendant Galtee Farms, LLC;

(2) that the Clerk shall **SEND** a copy of this Memorandum Opinion and Order to the Defendants at the following addresses:

```
Liam Gallagher
309 Eureka
Versailles, KY 40383

Liam Gallagher
1101 Beaumont Centre Lane
Apt 2106
Lexington, KY 40513

Rita W. Gallagher
4390 Clearwater Way
Apt 2810
Lexington, KY 40515

Galtee Farm, LLC
309 Eureka
Versailles, KY 40383
```

This the 28th day of August, 2009.



Signed By:
**Joseph M. Hood**
Senior U.S. District Judge